UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case #19-40041 |
| | ) | Chapter 13 |
| LANCE LEROY ALLEN, | ) | |
| Dba Lance Allen Staffing, | ) | |
| SSN/ITIN: xxx xx 7132, | ) | |
| | ) | PLAN DATED |
| and | ) | March 4, 2019 |
| | ) | |
| MELISSA GAIL ALLEN, | ) | |
| SSN/ITIN: xxx xx 1952, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## Part 1. Notice of Certain Items

| | | |
|---|---|---|
| 1.1 | Nonstandard provisions. | Not included |
| 1.2 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, which may result in a partial payment or no payment at all to the secured creditor. | Not included |
| 1.3 | Avoidance of a judicial lien or a nonpossessory, nonpurchase money security interest on property claimed exempt. | Not included |

## Part 2. Plan Term and Debtors' Payments to Trustee

2.1   Plan Term.
Debtors will make the first plan payment on or before March 18, 2019, and the last plan payment on or before February 18, 2024.

2.2   Debtors' payments to the trustee.
Debtors will pay $250.00 per month to the Chapter 13 trustee for the first 30 months, then $660.00 per month for the next 24 months, then $1100.00 per month for the next 5 months, with a final balloon payment in the amount of $14,357.00 in the 60th month, for a total of $43,197.00. The balloon payment will be reduced by any tax refund paid to the trustee.

During the plan term, debtors will give the trustee a copy of each federal income tax return at the same time the return is filed. Debtors will also turn over to the trustee any Federal income tax refunds debtors receive, after any statutory setoff by the IRS, for tax years 2019 through 2023.

Debtors also commit to the plan any disposable income, as defined by 11 U.S.C. 1325(b)(2), that debtors receive during the plan term.

**Part 3. Treatment of administrative expenses and other priority claims.**

3.1     Trustee fees.
        The trustee's fees will be paid from debtors' plan payments, including any tax refunds or disposable income committed to the plan, at the rate provided by 11 U.S.C. 326(b) and 28 U.S.C. 586(e).

3.2     Debtors' attorney fees.
        After debtors' attorney files and gives notice of a fee application, the Court will enter an order awarding the attorney fees consistent with 11 U.S.C. 330. The attorney fees awarded will be paid as follows:
        **Estimated total fees paid through the plan**     $ 2,500.00
        **Estimated payments**     $100 per month for 25 months beginning March 18, 2019.

        If the Court awards fees that total less than the estimate above, unsecured creditors may receive a distribution that is more than the estimate set forth in Part 6. If the Court awards fees that total more than the estimate above, debtors may file a motion to modify the confirmed plan to provide for those additional fees. If the Court approves the modification, unsecured creditors may receive a distribution that is less than the estimate set forth in Part 6. The actual amount of the monthly installment will be calculated by the trustee based on the Court's fee order.

3.3     Domestic support obligations to be paid in full.
        Debtor is current in his child support payments and will continue to make payments directly to the State of South Dakota in accordance with the State Court's order.

3.4  Domestic support obligations assigned to or owed to a governmental unit and that may be paid less than the full amount.
    No such claim owed.

3.5  Other priority claims.

| Creditor | Priority Claim | Mo.Pmt. | No.of pmts and date pmts. begin |
|---|---|---|---|
| IRS | $ 36,202.00 2015-2018 personal income taxes | Trustee will make payments to this creditor as follows: $125 per month for 30 months; $600 per month for 24 months; $1,000 per month for 5 months; and $13,052 balloon pmt in 60th month. | |

The remaining taxes owed will be paid in the unsecured, nonpriority claims class.

**Part 4. Executory Contracts and Unexpired Leases.**

4.1  Assumptions.
    None to assume.

4.2  Rejections.
    None to reject.

**Part 5. Treatment of Secured Claims**

**5.1  Claims secured only by debtors' principal residence.**
    No such claim owed.

**5.2  Claims fully secured by real or personal property, excluding claims in Parts 5.1 and 5.4.**

Any arrearage on the claim(s) listed below will be paid in full during the plan term through disbursements by the trustee, with interest, if any, at the rate stated. If there is no arrearage, "none" is inserted. Debtors will make the current installment payments to the creditor(s) during the plan term and thereafter, as may be necessary. Unless otherwise stated, the balance owed and debtors' installment payments, as to the amount, the rate of interest, and the length of the repayment term, will be consistent with the written agreement between debtors and the creditor and may occasionally change pursuant to the agreement's terms.

-3-

Unless otherwise ordered by the Court, the amount of the arrearage and the balance owed stated below area controlling and, if the value of the creditor's collateral exceeds the amount of its allowed claim, the balance owed includes interest and other allowances provided by 11 U.S.C. 506(b), unless the creditor has otherwise agreed. A creditor listed below will retain its lien or other encumbrance on the collateral stated until the creditor's claim is paid in full pursuant to the written agreement between debtors and the creditor, at which time the lien or other encumbrance will terminate and shall be promptly released by the creditor.

If the Court grants a creditor listed below relief from the automatic stay regarding the collateral described below, then, unless otherwise ordered by the Court, the trustee's payments to that creditor under this part will cease.

| Creditor and Collateral | Arrearage | Balance, excluding any arrearage, and current installment terms |
|---|---|---|
| Drivetime Carsales Company, LLC 201 KIA Optima | None | $17,843.97 @ $497.26 per month for 36 months, which includes interest at agreement rate. Debtors will make payments directly to this creditor. |

**5.3    Claims partially secured by real or personal property as provided by 11 U.S.C. 506(a).**
   No such claim owed.

**5.4    Secured claims excluded from 11 U.S.C. 506.**
   No such claim listed.

**5.5    Surrender of collateral and relief from stay; continuation of co-debtor stay.**
   No collateral to be surrendered.

### Part 6. Treatment of Unsecured, Nonpriority Claims.

After making the disbursements described in Part 3, the trustee will distribute the balance of the plan payments and other funds received from debtors, including any tax refunds and disposable income committed to the plan, to creditors holding unsecured, nonpriority claims who timely file a proof of claim on or before the deadline established by Federal Rule of Bankruptcy Procedure 3002(c). If a creditor holding an unsecured, nonpriority claim receives appropriate notice of the case but fails to timely file a proof of claim, that creditor's claim will be discharged to the extent set forth in 11 U.S.C. 1328(a) when debtors complete all plan payments. If all unsecured, nonpriority creditors known to debtors timely file proofs of claim, each creditor holding an unsecured, nonpriority claim will receive approximately less than ___2%___ of its allowed claim.

Attached to this plan as Exhibit "B" and incorporated by reference is debtors' liquidation analysis showing the total payments under this section to creditors holding unsecured, nonpriority claims will be at least as much as these creditors would receive if debtors' nonexempt assets were liquidated in a case under Chapter 7 of the bankruptcy estate.

**Part 7. Other provisions**

**7.1   Property of the estate.**
Unless otherwise ordered by the Court, property of the bankruptcy estate will vest with debtors upon confirmation of the plan.

**7.2   Changes in debtors' income and expenses.**
No post-petition changes in income or expenses.

**7.3   Taxes.**

During the plan term, debtors will timely file all tax returns required by any governmental entity and will provide a copy of each return to the trustee at the same time the return is filed. During the plan term, debtors will also pay when due any tax imposed by any governmental entity.

**Part 8. Nonstandard Provisions**
None

A nonstandard provision is a provision not otherwise included in Appendix 3A of the local bankruptcy rules for the District of South Dakota. Pursuant to Federal Rules of Bankruptcy Procedure 3015(c) and 3015.1(e)(1), nonstandard provisions are set forth in this part only. Any nonstandard provision set forth elsewhere in this plan is ineffective.

**Part 9. Signatures of debtors and attorney for debtors**

By signing and filing this plan, debtors, if not represented by an attorney, or the attorney

for debtors certifies the plan does not contain any nonstandard provision other than any set forth in Part 8.

Dated this 4th day of March, 2019.

_/s/ Lance L. Allen_
Lance Leroy Allen

_/s/ Melissa G. Allen_
Melissa Gail Allen

GERRY & KULM ASK, PROF. LLC

By _/s/Clair R. Gerry_
Clair R. Gerry, Attorney for Debtors
PO Box 966, 507 W. 10th Street
Sioux Falls, SD 57101-0966
(605)336-6400   FAX (605)336-6842
gerry@sgsllc.com

-6-

## Exhibit "A"
### Summary of debtors' payments to trustee and trustee's disbursements

**A.1  Debtors' payments to trustee under the plan.**

| | |
|---|---|
| 60 monthly payments with a balloon pmt | $ 43,197.00 |
| (less trustee's fee) | <u>3,927.00</u> |
| | $ 39,270.00 |

Debtors have also committed tax refunds for tax years 2019 through 2023, and disposable income from March 18, 2019 through February 18, 2024, to plan payments which may increase the funds available for distribution.

**A.2  Trustee's total disbursements under plan.**

| | |
|---|---|
| Administrative expenses - attorney for debtors | $ 2,500.00 |
| Other priority claims | 36,202.00 |
| Leases & executory contract arrearage payments | -0- |
| Secured claims arrearage payments | -0- |
| Unsecured, nonpriority claims (as scheduled, unless proof of claim deadline has expired) | <u>568.00</u> |
| | $39,270.00 |

## Exhibit "B"
## Debtors' Liquidation Analysis

|  | Market Value | Total of Valid Encumbrances | Claimed Exemptions | Equity |
|---|---|---|---|---|

**Real Property Interests**
    None

**Vehicles, Trailers, etc.**

| | | | | |
|---|---|---|---|---|
| 2002 Honda Civic | $ 800 | | $ 800.00 | |
| 2005 Nissan Maxima | 2,200 | | 2,200.00 | |
| Maserti | 2,500 | | 2,500.00 | |
| 2013 KIA Optima | 14,500 | $ 17,843.97 | | |

**Personal and Household Items**
    $ 1,870                                                      $ 1,870.00

**Financial assets**
    $ 2,124.89                                      $ 2,124.89

**Business related property**
    None

**Farm/ranch related property**
    None

**Other property interests**
    None

                                    Total Exemptions     $ 9,494.89

                Less ____% liquidation costs
                Less Chapter 7 trustee fees
                    per 11 U.S.C. 326(a)

**TOTAL AVAILABLE FOR DISTRIBUTION**     -0-